IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHUOLJOCK TAP LIA, | ) | |
| Petitioner, | ) ) | 4:07cv3046 |
| vs. | ) ) | ORDER on INITIAL REVIEW |
| BRENDA LEUCK, et al., | ) ) | |
| Respondents | ) ) | |

Chuoljock Tap Lia filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, combined in the same document with a civil rights complaint pursuant to 42 U.S.C. § 1983 (filing no. 1). Because a § 2254 petition may not be combined with a civil rights complaint in the same case, and certainly not in the same document, the Clerk of Court opened the above-entitled case as a habeas corpus proceeding only. If that is not Mr. Lia's intent, he may move to dismiss the above-entitled case without prejudice.

28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). The petitioner filed his § 2254 petition while confined in the Douglas County Correctional Center ("DCCC"). He is presently in the custody of the Nebraska Department of Correctional Services ("DCS"). If the petitioner wishes to proceed with this habeas corpus action, he will have to change the name of the respondent from Brenda Leuck (the public defender in his state criminal prosecution) to Robert Houston, the Director of DCS and the petitioner's custodian. The Clerk of Court will send the petitioner a form for a § 2254 petition, and if the petitioner wishes to use it, he shall name Robert Houston as the correct respondent.

In addition, if the petitioner decides to pursue this habeas corpus case, he must amend his § 2254 petition to state habeas corpus claims. In other words, what constitutional claims

did the petitioner assert on appeal or in a postconviction action in the state courts that he wishes to renew in this court. Habeas corpus claims must have been exhausted, i.e., fairly presented to the state's highest court, before they can be raised in a federal habeas corpus petition.

THEREFORE, IT IS ORDERED:

1. That the Clerk of Court shall send the plaintiff a form for a Habeas Corpus Petition pursuant to 28 U.S.C. § 2254;

2. That if the petitioner wishes to pursue this habeas case, he shall have until June 29, 2007 to file an Amended Habeas Corpus Petition (using the form from the Clerk of Court), naming Robert Houston as the respondent and stating the petitioner's federal habeas corpus claims;

3. That if the petitioner wishes to dismiss the above-entitled habeas case without prejudice, he may file a motion to do so, without charge;

4. That if the petitioner neither files an Amended Petition nor moves for voluntary dismissal of the above-entitled habeas case by July 6, 2007, the court will issue an Order to Show Cause why the case should not be dismissed for failure to prosecute the case with diligence.

DATED this 8th day of June, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge